**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**

IN RE:  CHARLES SAMUEL FILLINGANE and                    CHAPTER 7
FREIDA LYNNE FILLINGANE

DEBTORS                                                  CASE NO. 17-01095-EE

**MOTION FOR ORDER AUTHORIZING DISCLOSURE OF INFORMATION
SUBJECT TO THE CABLE COMMUNICATIONS POLICY ACT OF 1984**

BankPlus, a creditor and party-in-interest in the above-captioned bankruptcy case (the "Bankruptcy Case"), files this Motion seeking an Order authorizing the disclosure of information subject to the Cable Communications Policy Act of 1984 (the "CCPA"), as follows:

Charles Samuel Fillingane and Freida Lynne Fillingane (together, the "Debtors") filed their voluntary Chapter 7 Petition in this Court on March 21, 2017 (the "Petition Date"), initiating this Bankruptcy Case. Also on the Petition Date, the Debtors filed in this Court, *inter alia*, their Schedules and Statement of Financial Affairs (Dkt. # 6, the "Schedules"), in which the Debtors alleged that "Comcast" is an unsecured creditor of the Debtors.[1]

Pursuant to this Court's Order on BankPlus's *Motion for Rule 2004 Examination of Debtors* (Dkt. # 20, the Rule 2004 Order"), BankPlus conducted a Rule 2004 examination of the Debtors to determine, *inter alia*, the extent to which the Debtors actually owe the debts alleged in their Schedules, including the alleged debt to Comcast. To date, the Debtors have produced no evidence that either Debtor is liable on any prepetition debt to Comcast.

On October 2, 2017, BankPlus filed a *Motion to Convert Case to Chapter 11* (Dkt. # 41, the "Motion to Convert"), which alleges, *inter alia*, that the Debtors scheduled numerous commercial debts that are not actually owed by the Debtors individually, and that if the Debtors had scheduled only prepetition debts that they *actually* owed (and their true amounts),

---

[1] *See* Schedules at 23.

the Debtors debts may have been primarily consumer debts, in which case the presumption of abuse under 11 U.S.C. § 707(b) would apply.

On May 2, 2018, in connection with the Motion to Convert, BankPlus served a *Subpoena Duces Tecum* (the "Subpoena") on Comcast Business Communications, LLC ("Comcast") seeking production of the following:

1.  All documents (including but not limited to contracts, credit agreements, guaranties, account statements, and the like) pertaining to or evidencing the personal liability, if any, of Charles Samuel Fillingane and/or Freida Lynne Fillingane (52 Avery Circle, Jackson, MS 39211), and the amount of any such liability, as of March 21, 2017.

2.  All documents (including but not limited to contracts, credit agreements, guaranties, account statements, and the like) pertaining to or evidencing the liability, if any, of Fillingane Medical Clinic, P.A., (1021 N Flowood Drive, Flowood, MS 39232), including but not limited to in connection with account # ████████5-01-5 and the amount of any such liability, as of March 21, 2017.

3.  A statement regarding the amount(s) of each of the liabilities identified above, if any, as of the date of [Comcast's] response to [the] Subpoena.[2]

On May 4, 2018, BankPlus's undersigned counsel received a response from Comcast advising that Comcast would not comply with the Subpoena without an Order from this Court. In this regard, Comcast cited Section 551 of the CCPA, which provides, in relevant part, as follows:

**(c)    Disclosure of personally identifiable information**

(1)    Except as provided in paragraph (2), a cable operator shall not disclose personally identifiable information concerning any subscriber without the prior written or electronic consent of the subscriber concerned and shall take such actions as are necessary to prevent unauthorized access to such information by a person other than the subscriber or cable operator.

---

[2] *See Notice of Intent to Serve Subpoenas Duces Tecum* (Dkt. # 67) and *Subpoena Duces Tecum* (Dkt. # 67-1) at pp. 27-28.

> (2)    A cable operator may disclose such information if the disclosure is— . . .
>
>     (B)    subject to subsection (h), made pursuant to a court order authorizing such disclosure, if the subscriber is notified of such order by the person to whom the order is directed . . .[3]

The CCPA does not appear to contain any requirements or other criteria for a non-governmental entity such as BankPlus to obtain a court order authorizing disclosure under Section 551(c)(2)(B) of the CCPA.

BankPlus respectfully submits that this Court should enter an Order directing Comcast to comply with the Subpoena and produce the information requested therein to BankPlus, pursuant to Section 551(c)(2)(B) of the CCPA.

**WHEREFORE,** for the reasons set forth above, and for such other reasons as may be shown at any hearing on this Motion, BankPlus respectfully requests this Court to enter an Order substantially similar to the proposed Order submitted contemporaneously herewith, granting this Motion and directing Comcast to produce the information requested in the Subpoena, pursuant to, *inter alia*, 47 U.S.C. § 551(c)(2)(B).

BankPlus further pray for general relief.

**THIS** the 11th day of May, 2018.

Respectfully submitted,

**BANKPLUS**

By: /s/ Christopher H. Meredith
        William H. Leech, MSB No. 1175
        Sarah Beth Wilson, MSB No. 103650
        Christopher H. Meredith, MSB No. 103656
        Shauncey G. Hunter, MSB No. 105189

---

[3] 47 U.S.C. § 551(c). Subsection (h) contains certain limitations applicable only to governmental entities seeking disclosure of "personally identifiable information," and therefore is not applicable to the Subpoena issued by BankPlus.

*Its Attorneys*

OF COUNSEL:
Copeland, Cook, Taylor & Bush, P.A.
600 Concourse, Suite 100
1076 Highland Colony Parkway (Zip—39157)
P.O. Box 6020
Ridgeland, MS  39158
Telephone:  (601) 856-7200
Facsimile:  (601) 856-7626
bleech@cctb.com
sbwilson@cctb.com
cmeredith@cctb.com
shunter@cctb.com

## **CERTIFICATE OF SERVICE**

Service provided via Notice of Electronic Filing (NEF) through ECF:

*Natalie Kareda Brown;*
*Frank H. Coxwell, III;*
*Eileen N. Shaffer; and*
*Office of the US Trustee.*

**THIS** the 11th day of May, 2018.

/s/ Christopher H. Meredith
Of Counsel